T. Paul Kane, J.
Petitioner, a candidate for United States Congress from the 29th Congressional District of New York, has commenced a proceeding under section 330 of the Election Law, seeking an order compelling the respondents to grant him a separate line on the ballot under the AIM party, an independent body which has nominated him. The respondent, Board of Elections of Albany County, the only necessary party in this proceeding, resists the granting of the relief, contending that it was duty bound by section 248 of the Election Law to make the determination that is being questioned.
Section 248 of the Election Law, insofar as applicable, provides as follows: “ When the same person has been nominated for the same office to be filled at the election by more than one party, the voting machine shall be so adjusted that his name shall appear in each row or column containing generally the names of candidates for other offices nominated by any such party; and if such candidate has also been nominated by one or more independent bodies, his name shall appear only in each row or column containing generally the names of candidates for other offices nominated by any such party, and the name and emblem of each such independent bodies shall appear in one such row or column to be designated by the candidate in writing filed with the officer charged with the duty of providing ballots, or if such person shall fail to so designate, the names and emblems of such independent bodies shall appear in such row or column as such officer shall determine.”
The most recent decision interpreting section 248 is the Matter of Battista v. Power (16 N Y 2d 198), wherein the Court of Appeals denied an additional “ independent ” column on the ballot to a candidate who already appeared on the ballot as the candidate of two major parties. The opposing parties in this proceeding have interpreted this decision differently; respondents relying upon it and petitioner distinguishing it on its facts from the instant matter. This court finds the holding of the court in the Battista case to be precisely that section 248 of the Election Law denies an additional “ independent ” column on the ballot to a candidate who already appears thereon as the candidate of two major parties. I consider the development of the factual circumstances and the rationale presented to be only *714 incidental to that holding. I further feel that it is incumbent upon the courts to interpret section 248 consistently, so that those affected may act with intelligence and foresight, and so that, as described in the Battista dissent, the rules will not be changed while the candidates are playing the games. Therefore, section 248 itself precludes petitioner from obtaining the relief he seeks in this proceeding.
The desire and energy of the Albany Independent Movement-are, of course, commendable and such efforts at organized political activity by any group should not be discouraged. There are, however, practical considerations which are evidenced by the prohibitions set forth in the clear language of section 248. For example, a large number of independent bodies could result in a race to a Board of Elections to determine who would be permitted a line on the voting machine. The undesirability of such a situation is obvious.
A denial of the relief sought herein should not deprive the group supporting petitioner of an opportunity to manifest that support on Election Day. He is the only candidate of AIM, and since his name appears on two other lines on the voting machine, and since any voter can vote for any one candidate without voting for any other on a particular line, there is no constitutional deprivation of a right to any independent voter. Such a voter should not find it offensive to his political conscience to vote for petitioner under a regular party label, since it is enrollment in a party that indicates true support, rather than a limited exercise of the right to cast one vote.
The court bases its determination upon the law as it applies to all independent bodies that nominate candidates for public office. Accordingly, the petition must be dismissed.